UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH W. BROWN, JR.** | * | **CIVIL ACTION NO.:** |
| | * | |
| **versus** | * | **SECTION:** |
| | * | |
| **McDERMOTT, INC.** | * | **MAG. DIV.:** |

**COMPLAINT FOR DAMAGES**

The complaint of petitioner, Joseph W. Brown, Jr. (hereinafter referred to as "Plaintiff"), a full age resident of the Parish of St. John the Baptist, State of Louisiana, respectfully represents the following, to wit:

1.

Made defendant herein is McDermott, Inc., a foreign corporation organized according to the laws of the State of Delaware, but authorized to do, and doing business in Louisiana at all times pertinent.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. § 1332(a), on the basis of a complete diversity of citizenship between plaintiff and defendant, and damages that exceed $75,000.00. The aforesaid defendant is justly and truly indebted unto plaintiff Joseph W. Brown, Jr., together with interest thereon from date of judicial demand until paid, and for all costs of these proceedings, and for the following, to-wit:

3.

On or about November 29, 2010, plaintiff was employed by Stewart Interior Contractors, LLC as a drywall installer; and was assigned to work at the McDermott fabrication yard located in St. Mary Parish, where McDermott was erecting a large marine structure which, on

information and belief, was when completed to be transported over the open sea to be placed on an artificial island off the coast of Alaska; where it would be used as housing for workers at the said artificial island.

4.

At all times pertinent hereto, the construction project was under the care, custody and control of McDermott, Inc.; whose employees supervised all pertinent phases of the construction of the marine housing structure.

5.

As a part of his job responsibilities, plaintiff was required to carry heavy loads, consisting of wooden pallets with sheets of drywall, all shrink-wrapped with plastic, which were themselves lifted by crane to upper levels of the marine structure under construction; where they were then carried by hand along a circuitous route involving several drops and rises in the flooring, to the place where the sheets were to be installed. On information and belief, the pallets containing the drywall sheets weighed approximately two hundred (200) pounds.

6.

On or about the morning of November 29, 2010, plaintiff was assigned to carry the aforesaid pallets along the entryway and down a drop of approximately twenty-four (24") inches to thirty-six (36"). Only one other worker was assigned to assist plaintiff. When his co-worker stumbled trying to negotiate a downward drop, he lost control over his end of the heavy pallet, causing the entire weight of the pallet to be forced upon plaintiff alone. This caused Mr. Brown to become severely injured in his low back.

7.

The casualties occurred as a direct and proximate result of the negligence of defendants, defendant its agents, employees, and/or assigns, in the following, non-exclusive particulars:

Negligence of McDermott, Inc.,

    a. Failing to provide workers engaged in constructing the marine housing structure; with a safe workplace;

    b. Failing to properly supervise the activities of workers engaged in constructing the marine housing structure;

    c. Failing to properly train workers engaged in constructing the marine housing structure;

    d. Liability on a theory of *respondiat superior* for any negligent acts by Freddy Martinez and/or Skill Labor Provider, Inc.;

    e. Requiring workmen engaged in constructing the marine structure to carry heavy loads with insufficient assistance;

    f. Requiring workmen engaged in constructing the marine structure to carry heavy loads along an unsafe egress to the installation site; and

    g. Other acts of negligence which will be shown more fully at trial.

8.

As a result of the negligence of the named defendants, plaintiff sustained dames in the following, non-exclusive particulars:

    a. Past, present and future physical pain and suffering;

    b. Past, present and future mental pain, suffering and anguish;

    c. Past, present and future medical expenses;

    d. Past lost wages;

    e. Loss of future earning capacity;

    f. Ruptured lumbar disc(s);

      g. Disfigurement and disability;

      h. Loss of enjoyment of life; and,

      i. Other damages which shall be proven at trial.

**WHEREFORE**, plaintiff, Joseph W. Brown, Jr. respectfully prays that defendant McDermott, Inc., be served with a certified copy of the above and foregoing, and be duly cited to appear and answer same; and, after all legal delays be exhausted, and all due proceedings be had, that there be judgment rendered herein in favor of plaintiff and against defendant, in an amount sufficient to adequately compensate your plaintiff for his damages, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for all other general and equitable relief to which plaintiff may be otherwise entitled. .

        **RESPECTFULLY SUBMITTED BY:**

        */s/Ronna M. Steele*
        **RONNA M. STEELE (#20006)**
        301 Huey P. Long Avenue
        Gretna, LA  70053
        Telephone:  (504) 366-3475
        Email: *rsteele@usagulf.com*
        Attorney for Joseph W. Brown, Jr.

PLEASE SERVE:

McDermott, Inc.
Through its authorized agent for service of process
C T Corporation System
5615 Corporate Blvd., Ste. 400b
Baton Rouge, LA 70808