UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH W. BROWN, JR. | CIVIL ACTION |
| VERSUS | NO. 11-1465 |
| McDERMOTT, INC. | SECTION "K" (2) |

**ORDER AND REASONS;**
**REPORT AND RECOMMENDATION**

This is a personal injury suit that asserts state law claims for damages. It was originally filed in this court by one plaintiff against one defendant, pursuant to this court's diversity of citizenship jurisdiction. The motion of plaintiff, Joseph W. Brown, Jr., for leave to amend his complaint, Record Doc. No. 17, is pending before me. Plaintiff's amendment seeks to assert claims against three new defendants: Broadmoor, LLC ("Broadmoor"), Skill Labor Provider, Inc. ("Skill Labor") and Freddy Martinez. Defendant McDermott, Inc. ("McDermott") filed a timely written memorandum in opposition. Record Doc. No. 28. McDermott argues that the motion should be denied because it is untimely, futile and would defeat this court's subject matter jurisdiction.

Specifically, plaintiff alleges that Martinez's negligence, attributable to his employer, Skill Labor, via respondeat superior, either caused or contributed to his injuries and that Broadmoor is similarly liable, based in part on its contract with plaintiff's employer. It is clear, however, from the allegations in the proposed amended complaint attached to the motion, Record Doc. No. 17-2 (Amended Complaint), that the

proposed new defendants are – like plaintiff himself – Louisiana citizens for diversity purposes. Thus, granting the motion to amend would destroy this court's sole basis for subject matter jurisdiction.

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Because the policy of Rule 15 is to permit liberal amendment of pleadings in the absence of substantial prejudice to defendants that cannot be cured by other means, Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981), Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy, 660 F.2d at 597-98). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling, 234 F.3d at 873 (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 F. App'x 366, 367 (5th Cir. 2010). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" In Re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)) (footnote omitted).

However, where – as here – the court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 14, the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment;

(3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)) (quoting S & W Enters., 315 F.3d at 535); accord Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008); Nunez v. U.S. Postal Serv., 298 F. App'x 316, 319 (5th Cir. 2008); In re Int'l Marine, LLC, No. 07-6424, 2009 WL 498372, at *1-2 (E.D. La. Feb. 26, 2009) (Fallon, J.).

In addition, when an amendment would destroy subject matter jurisdiction, the court must apply the factors enunciated by the Fifth Circuit in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), and approved in Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 n.11 (5th Cir. 1991), to determine whether the proposed amendment should be permitted.

I find that evaluation of the various factors established by the foregoing standards weighs in favor of granting the motion to amend. Analysis of the Hensgens factors weighs heavily in favor of permitting the amendment. The first Hensgens factor is the extent to which joinder of the non-diverse parties is sought to defeat federal jurisdiction. Nothing cited by either party in their motion papers supports a finding that a substantial motivation of plaintiff is to defeat federal jurisdiction. Brown originally filed this lawsuit in this court, not in state court. He obviously has desired from the outset to prosecute his case here. The sole defendant has filed a motion for summary judgment. Without the

new defendants, granting the pending motion would end plaintiff's suit.  Under these circumstances, I find that the more likely motivation for the amendment is to add defendants against whom Brown may have viable claims, thereby avoiding dismissal of his suit in its entirety, <u>not</u> a desire to defeat federal jurisdiction.  Thus, this factor weighs in favor of permitting the amendment.

The second <u>Hensgens</u> factor is whether plaintiff has been dilatory in asking for the amendment.  The record establishes that Brown delayed until approximately ten (10) weeks after the Rule 16 deadline for amendments set in the court's scheduling order. Brown asserts that he has only recently learned the identity of his allegedly negligent co-worker's employer and the content of the other defendant's contract with his own employer.  These circumstances are persuasive and militate in favor of permitting the amendment.

The third <u>Hensgens</u> factor is whether plaintiff would be significantly injured if the requested amendment is not allowed.  It appears from the allegations in the pleadings that the new defendants may well have direct liability to plaintiff.  The pending motion for summary judgment may eliminate from the case the only originally named defendant, leaving Brown with no remedy if the new defendants are not added.  Thus, Brown will be injured if the amendment is not permitted. This factor also weighs in favor of permitting the amendment.

The final <u>Hensgens</u> consideration is any other factor bearing on the equities. Given the combination of the foregoing circumstances, I find that the equities also weigh in favor of permitting the amendment.

For similar reasons, I also find that the Rules 16 and 15 factors favor granting the amendment. As noted above, plaintiff's explanation for his failure timely to amend is persuasive, and the addition of the new defendants is important. The existing parties are not prejudiced by the amendment. No prior trial continuance has been granted and the case has been pending in this court for only nine (9) months. Although a continuance request can only be determined by the presiding district judge, it may be that a continuance would be available to cure any such prejudice. The loss of this court as a forum if the amendment destroys subject matter jurisdiction would not prejudice any party where the state court is available to adjudicate the matter.

The liberal Rule 15 standard mandates leave to amend. I discern no bad faith, dilatory motive or undue delay. No prior amendments have been requested or granted. Any prejudice to the new defendants can be ameliorated by a new trial date by continuance in this court or a new schedule in the state court, if lack of subject matter jurisdiction requires dismissal from this court.

The amendment is not futile. Defendant's argument that the proposed new defendant "Broadmoor is subject to the same statutory defense as is McDermott," Record

6

Doc. No. 28 at p. 3, does not establish "futility" under the Rule 12(b)(6) standard. As illustrated by McDermott's own pending motion for summary judgment, the statutory employer defense must be established on the <u>facts</u> as established by evidence, either under the Rule 56 standard or at trial. The possibility that a party may prevail on summary judgment or at trial as to a particular defense does <u>not</u> mean that its opponent's pleading was futile under the Rule 12(b)(6) standard.

## ORDER ON MOTION

For the foregoing reasons, I find that all of the four <u>Hensgens</u> factors and the balance of the Rules 16 and 15 factors militate permitting the amendment. Plaintiff's motion to amend is therefore GRANTED.

## REPORT AND RECOMMENDATION

Unlike some post-commencement actions that do not undermine this court's jurisdiction, as determined at the time suit was filed, the addition of a non-diverse party defeats jurisdiction and necessitates remand to the state court in removed cases or dismissal without prejudice in cases that were originally filed in federal court. <u>Hensgens</u>, 833 F.2d at 1180-81 (citing <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978); <u>IMFC Prof. Serv. of Fla., Inc. v. Latin Am. Home Health, Inc.</u>, 676 F.2d 152, 157-58 (5th Cir. 1982).

It is axiomatic that this court exercises only limited jurisdiction and must, at all times, examine and be satisfied of its own subject matter jurisdiction. Subject matter jurisdiction "is nonwaivable and delimits federal-court power . . . . Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Fed. R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") (emphasis added). "Certainly, a federal court must always be satisfied that subject matter jurisdiction exists and must even raise the issue sua sponte . . . ." Free v. Abbott Labs., Inc., 164 F.3d 270, 272 (5th Cir. 1999) (citing Steel Co., 523 U.S. at 94-95); accord Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008).

It is clear from plaintiff's submissions that diversity of citizenship jurisdiction does not exist as to his amended complaint. Diversity jurisdiction exists when the claims in the complaint are between citizens of different states and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The law is long established that when federal jurisdiction is based on diversity of citizenship, complete diversity must exist between all adverse parties in the

action; i.e., plaintiff's citizenship must be diverse from the citizenship of each and every defendant. Strawbridge v. Curtiss, 7 U.S. 267 (1806); Nagy v. George, 286 F. App'x 135, 137 (5th Cir. 2008) (citing Breaux v. Dilsaver, 254 F.3d 533, 536 (5th Cir. 2001)); Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000).

Plaintiff is a Louisiana citizen for diversity of citizenship purposes. His amended complaint indicates that both new defendants are Louisiana citizens for diversity purposes. Record Doc. No. 17-2 at p. 2, ¶'s II(1)(B) and (C). Thus, the two new defendants – like plaintiff – are Louisiana citizens for diversity purposes.

In this case, Brown makes claims that arise exclusively under state law. No federal question or admiralty jurisdiction has been alleged. Diversity jurisdiction is his sole basis for adjudication of these state law claims in this federal court. However, complete diversity is absent because plaintiff and two defendants are Louisiana citizens. Accordingly, complete diversity is lacking, and Brown has not shown any basis for this court's continuing jurisdiction.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint, as amended, be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___4th___ day of April, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
Hon. Stanwood R. Duval, Jr.

---

[1] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.